UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK JAMES WARFIELD,<br><br>Plaintiff,<br><br>v.<br><br>BOWERS, et al.,<br><br>Defendants. | No. 2:17-cv-2467-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel in an action brought under 42 U.S.C. § 1983. He commenced this action while confined to a county jail, and has since been transferred to Napa State Hospital. In addition to filing two complaints (ECF Nos. 1 & 4), he has filed an application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. ECF No. 6. The court has reviewed the application and trust fund account statement and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Thus, plaintiff's IFP application will be granted. The court will, however, recommend that the amended complaint be dismissed as frivolous, without leave to amend.

**I.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**II.     Screening Order**

Plaintiff claims that this is a class action and that Aladdin Bail Bonds illegally seized property "of FBI # 0155210W6 by an arbitrary contract." ECF No. 4 at 6. He does not explain who makes up the purported class, the nature of the "arbitrary" contract, or identify the allegedly seized property in any way. Nevertheless, he claims that "any rejection of this claim by any defendant including the Governor of the State of California will be shot on sight and killed by federal agents that have been stalking them and wiretapping wireless all electronic devices by satellite transmission." *Id.* Some of the listed defendants, of which there are 96, are inanimate objects, i.e., "Stolen Cup #5" and "Broken Teeth." *Id.* at 1. Others are groups of unidentified people, i.e., "People that have fraudulently accused (Bro) Mike of rape," "All Hells Angels Presidents Nationwide," and "All militia organizations internationally." *Id.* at 3, 4. Other individual defendants include the "waitress from old skyline bar [who] spilled drink," and "Musician Bruno Mars." *Id.* at 3, 5. According to plaintiff, the Governor and other government officials have engaged in various forms of criminal activity, including first degree murder, capital case murder, child molestation, indecent exposure, prostitution, and musical piracy. *Id.* As punishment for those crimes, he requests "male genital castration, female reproduction of ovaries removed, lobotomy, cranial brain removal, [and continuation of] bankruptcy proceedings. *Id.* at 8.

Plaintiff's complaint appears to be a compilation of disjointed delusional assertions that defy comprehension and must be dismissed. None of his allegations state a cognizable §1983 claim (indeed, his allegations are barely intelligible) and, factually, the allegations can only be categorized as fanciful. The Supreme Court has held that a complaint is frivolous if it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where the factual contentions contained therein are clearly baseless, *id.* at 327, and the court finds it appropriate to do so in the instant case.

The only question that remains is whether that dismissal should be with or without leave to amend. The Ninth Circuit has held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks and citations omitted). The disjointed, unintelligible nature of plaintiff's complaint convinces the court that further attempts to refine these allegations would not be fruitful. There is simply no version of these facts and arguments which can be shaped into a valid claim.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is GRANTED; and

2. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint (ECF No. 4) be dismissed without leave to amend as frivolous and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE